# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JON MOORE,<br><br>    Plaintiff,<br><br> v.<br><br>PBF LOGISTICS LP, THOMAS J. NIMBLEY, MICHAEL D. GAYDA, BRUCE A. JONES, MATTHEW C. LUCEY, C. ERIK YOUNG, DAVID ROUSH, and LAWRENCE ZIEMBA,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jon Moore ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a unitholder action brought by Plaintiff against PBF Logistics LP ("PBFX" or the "Partnership") and the members of the Board of Directors (the "Board" or the "Individual Defendants") of PBFX's general partner PBF Logistics GP LLC ("PBFX GP" or the "General Partner") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge PBFX with PBF Energy Inc. ("PBF Energy") (the "Proposed Transaction").

2.      On July 27, 2022, PBFX entered into an Agreement and Plan of Merger with PBF Energy, PBF Energy Company LLC ("PBF LLC"), PBFX Holdings Inc. ("PBFX Holdings"), Riverlands Merger Sub LLC ("Merger Sub"), and PBFX GP (the "Merger Agreement"). Pursuant to the Merger Agreement, each common unit of PBFX will be converted into the right to receive (i) 0.270 shares of PBF Energy Class A common stock and (ii) $9.25 in cash.

3.      On October 25, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that PBFX unitholders vote their units in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for PBFX and PBF Energy; and (ii) the financial analyses that support the fairness opinion provided by the conflicts committee ("Conflicts Committee") of the Board's financial advisor, Intrepid Partners LLC ("Intrepid").

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as PBFX unitholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for PBFX unitholders to vote on the Proposed Transaction is currently scheduled for November 30, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and PBFX's other unitholders to make an informed decision whether to vote their units in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the unitholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. PBFX's common units trade on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of PBFX common units.

10. Defendant PBFX is a Delaware master limited partnership, with its principal executive offices located at One Sylvan Way, Second Floor, Parsippany, New Jersey 07054. PBFX's units trade on the New York Stock Exchange under the ticker symbol "PBFX."

11. Defendant Thomas J. Nimbley ("Nimbley") has been Chief Executive Officer of the Partnership and Chairman of the Board at all relevant times. Defendant Nimbley is also Chairman, Chief Executive Officer and a director of PBF Energy.

12. Defendant Michael D. Gayda ("Gayda") has been a director of PBFX GP at all relevant times. Defendant Gayda previously served as President of PBF Energy and PBFX.

13. Defendant Bruce A. Jones has been a director of PBFX GP and a member of the Conflicts Committee at all relevant times.

14. Defendant Matthew C. Lucey ("Lucey") has been a director of PBFX GP at all relevant times. Defendant Lucey is also President of PBF Energy.

15. Defendant C. Erik Young ("Young") has been a director of PBFX GP at all relevant times. Defendant Young is also Senior Vice President and Chief Financial Officer of PBFX and PBF Energy.

16. Defendant David Roush has been a director of PBFX GP and a member of the Conflicts Committee at all relevant times.

17. Defendant Lawrence Ziemba has been a director of PBFX GP and a member of the Conflicts Committee at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Partnership**

19. PBFX is a fee-based, growth-oriented, Delaware master limited partnership formed in February 2013 by subsidiaries of PBF Energy to own or lease, operate, develop and acquire crude oil and refined products, terminals, pipelines, storage facilities and similar logistics assets. The Partnership operates in two segments, (i) transportation and terminaling and (ii) storage. PBF GP is the Partnership's general partner and is wholly-owned by PBF LLC. PBF Energy is the sole managing member of PBF LLC and, as of October 24, 2022, owned 99.3% of the total economic interest in PBF LLC. As of October 24, 2022, PBF LLC held a 47.7% limited partner interest in the Partnership, with the remaining 52.3% limited partner interest owned by public unitholders.

**The Proposed Transaction**

20.     On July 28, 2022, PBFX announced that it had entered into the Proposed Transaction, stating, in relevant part:

> PARSIPPANY, N.J., July 28, 2022 /PRNewswire/ -- PBF Energy Inc. (NYSE: PBF) and PBF Logistics LP (NYSE: PBFX) today announced a definitive agreement and plan of merger pursuant to which PBF Energy will acquire all of the outstanding common units representing limited partner interests of PBF Logistics it does not already own directly or indirectly for a combination of PBF Energy Class A common stock and cash. PBF Energy beneficially owns approximately 47.7% of the outstanding common units of PBF Logistics as of July 22, 2022.
>
> Under the merger agreement, each outstanding common unit of PBF Logistics that PBF Energy does not already beneficially own will be converted into 0.270 shares of PBF Energy Class A common stock and $9.25 in cash, without interest. The purchase price reflects a premium of 13.2% to the volume-weighted average price of PBF Logistics common units for the thirty days through July 27, 2022.
>
> Tom Nimbley, PBF Energy's and PBF Logistics' Chairman and CEO, said, "We are pleased to announce this strategic acquisition by PBF Energy, which represents a key objective in PBF Energy's plans to optimize our refining and logistics operations." He added, "This transaction will ultimately allow us to simplify our corporate structure and eliminate administrative, compliance and cost burdens of running a separate public company. Following consummation of the merger, we believe that the combined company will have a significantly enhanced financial profile."
>
> **Additional Transaction Terms and Details**
>
> Upon consummation of the merger, PBF Logistics will be become an indirect wholly-owned subsidiary of PBF Energy, and the PBF Logistics common units will cease to be listed on the NYSE and will subsequently be deregistered under the Securities Exchange Act of 1934, as amended.
>
> PBF Logistics was represented in negotiations by the PBF Logistics Conflicts Committee, which is comprised of three independent members of its general partner's board of directors. The PBF Logistics Conflicts Committee unanimously approved the transaction and recommended approval of the transaction to the board of directors of the general partner of PBF Logistics, which was also unanimous in its approval of the transaction. The transaction has also been unanimously approved by the board of directors of PBF Energy.
>
> The completion of the merger is subject to the satisfaction of customary conditions, including receipt of requisite approvals of PBF Logistics unitholders.

**Transaction Advisors**

Barclays Capital Inc. is acting as the exclusive financial advisor; and Hunton Andrews Kurth LLP is acting as legal advisor to PBF Energy on the transaction. Intrepid Partners, LLC is acting as financial advisor and Baker Botts L.L.P. is acting as legal advisor to the PBF Logistics Conflicts Committee.

**The Materially Incomplete and Misleading Proxy Statement**

21. On October 25, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that PBFX unitholders vote their units in favor of the Proposed Transaction, fails to disclose material information to Partnership unitholders, or provides them with materially misleading information, concerning: (i) the financial projections for PBFX and PBF Energy; and (ii) the financial analyses that support the fairness opinion provided by the Conflicts Committee's financial advisor, Intrepid.

*Material Misrepresentations and/or Omissions Concerning PBFX's and PBF Energy's Financial Projections*

22. The Proxy Statement fails to disclose material information concerning the financial projections for PBFX.

23. For example, for each of financial projections of PBFX and PBF Energy, the Proxy Statement fails to disclose the unlevered free cash flows for PBFX and PBF Energy, including but not limited to the unlevered free cash flows utilized by Intrepid in connection with its *Discounted Cash Flow Analysis* of PBFX and PBF Energy, and the underlying line items.

*Material Misrepresentations and/or Omissions Concerning Intrepid's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning Intrepid's financial analyses.

25. With respect to Intrepid's *Discounted Cash Flow Analysis* of PBFX, in addition to the unlevered free cash flows underlying the analysis, the Proxy Statement fails to disclose a

quantification of: (i) the terminal year EBITDA; (ii) the Partnership's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 9% to 12%; (iv) PBFX's estimated debt and estimated cash; and (v) the PBFX common units outstanding utilized in the analysis.

26. With respect to Intrepid's *Distribution Discount Analysis* of PBFX, the Proxy Statement fails to disclose a quantification of: (i) the terminal year distribution per unit ("DPU"); (ii) the terminal values; and (iii) the inputs and assumptions underlying the discount rates ranging from 10% to 15%.

27. With respect to Intrepid's *Comparable Company Trading Analysis* of PBFX, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Intrepid.

28. With respect to Intrepid's *Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected transactions analyzed by Intrepid.

29. With respect to Intrepid's *Precedent Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums observed for each transaction.

30. With respect to Intrepid's *Discounted Cash Flow Analysis* of PBF Energy, in addition to the unlevered free cash flows underlying the analysis, the Proxy Statement fails to disclose a quantification of: (i) the terminal year unlevered free cash flow; (ii) PBF Energy's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 10% to 13%; (iv) PBFX's consolidated debt; (v) the estimated value of the unaffiliated PBFX units held by the public; (vi) other PBF Energy non-controlling interests; (vii) PBF Energy's consolidated cash; and (viii) the shares of PBF Energy outstanding utilized in the analysis.

31. With respect to Intrepid's *Distribution Discount Analysis* of PBF Energy, the Proxy Statement fails to disclose a quantification of: (i) the terminal year DPU; (ii) the terminal values; and (iii) the inputs and assumptions underlying the discount rates ranging from 10% to 15%.

32. With respect to Intrepid's *Comparable Company Trading Analysis* of PBF Energy, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Intrepid.

33. With respect to Intrepid's review of research analyst price targets for each of PBFX and PBF Energy, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

34. In sum, the omission of the above-referenced information renders statements in the "Unaudited Projected Financial Information" and "Opinion of the Financial Advisor to the Conflicts Committee" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the unitholder vote, Plaintiff and the other unitholders of PBFX will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PBFX**

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading,

in violation of Section 14(a) of the Exchange Act and Rule 14a-9. PBFX is liable as the issuer of these statements.

37. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to unitholders.

40. The Proxy Statement is an essential link in causing Plaintiff and the Partnership's unitholders to approve the Proposed Transaction.

41. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of PBFX within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of PBFX and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as

controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of PBFX, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the unitholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 3, 2022                    ACOCELLI LAW, PLLC

                                           By  /s/ Richard A. Acocelli
                                               Richard A. Acocelli
                                               33 Flying Point Road, Suite 131
                                               Southampton, NY 11968
                                               Tel: (631) 204-6187
                                               Email: racocelli@acocellilaw.com

                                               *Attorneys for Plaintiff*